## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**COREY JAMES GRUBB and ALISHA MARIE GRUBB,**<br><br>    **Debtors.** | **Case No. 25-01064-NGH** |
| **KEVIN BENTLEY and LAURIE BENTLEY,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**COREY JAMES GRUBB,**<br><br>    **Defendant.** | **Adv. No. 25-06065-NGH** |

## MEMORANDUM OF DECISION

Before the Court is a Motion for Summary Judgment, Doc. No. 21 (the "Motion"), filed by Kevin Bentley and Laurie Bentley ("Plaintiffs"). The Motion seeks to except Plaintiffs' claim from discharge pursuant to § 523(a)(2)(A) and § 523(a)(6),[1] and it relies on a state court judgment obtained prior to the bankruptcy and the doctrine of issue

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9038, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

preclusion.  Corey Grubb ("Defendant") opposes the Motion.  The Court has considered the briefing, declarations, and oral arguments, as well as the applicable law, and now issues the following decision which resolves the motion.  Fed. R. Bankr. P. 7052; 9014.

**FACTS**

### A.      Compliance with Local Bankruptcy Rule 7056-1

Civil Rule 56, which is made applicable here through Federal Rule of Bankruptcy Procedure 7056, governs motions for summary judgment, and Local Bankruptcy Rule 7056-1 supplements Civil Rule 56.  The local rule requires that a motion for summary judgment be accompanied by a separate statement of asserted undisputed facts, setting forth each fact in a separate, numbered paragraph with specific citations to the record.  LBR 7056-1(b)(1).  The nonmoving party must then respond to each asserted undisputed fact, also by a separate statement and with citation to the record.  LBR 7056-1(b)(2).  *See also* Civil Rule 56(c)(1)(A).

Plaintiffs correctly point out that Defendant failed to comply with Local Bankruptcy Rule 7056-1(b)(2).  Defendant's Statement of Disputed Facts, Doc. No. 32, does not respond to each of Plaintiffs' undisputed facts.  Instead, it provides a general response without citation to the record.  Additionally, Defendant failed to comply with Civil Rule 56(c) because he did not support his opposition with a declaration or other admissible evidence necessary to raise a genuine issue of material fact.  Accordingly, pursuant to Civil Rule 56(e)(2), the Court will consider Plaintiffs' asserted facts as undisputed.  While the material facts may be undisputed, the Court must still resolve the

MEMORANDUM OF DECISION - 2

legal question of whether the state court's prior findings satisfy the requirements of issue preclusion.

### B.      Undisputed Facts[2]

### 1.      The Construction Project

Prior to the bankruptcy, Plaintiffs entered into an agreement with Amoruso-Hill, Inc. dba K&D Builders ("K&D Builders") under which K&D Builders would act as a construction manager and agent for Plaintiffs related to the construction of a house and hangar on Plaintiffs' property (the "Property").  The primary point of contact between Plaintiffs and K&D was Dan Amoruso.

K&D Builders was responsible for hiring and directing all subcontractors on the project.  Plaintiffs did not hire any subcontractors directly.  Amoruso initially contacted Defendant by phone.  Amoruso asked Defendant whether he was "fully insured and licensed."  Defendant confirmed that he was.  Defendant next met with Amoruso and Plaintiffs (with Laurie Bentley participating virtually) to discuss tiling work on the Property.  At the meeting, Defendant acknowledged that he did not have workers' compensation insurance but agreed to obtain it.  He also did not disclose to Amoruso or Plaintiffs that he was neither licensed nor registered.

Defendant provided an estimate for the tiling work in the amount of $65,826.20.  While the estimate called for a 50% deposit, Defendant agreed to accept a $22,000

---

[2] Unless otherwise indicated, the facts come from the state court findings of fact attached as Exhibit A to the Declaration of Kevin Bentley in Support of Plaintiffs' Motion for Summary Judgment, Doc. No. 24 ("Plaintiff's Declaration").

MEMORANDUM OF DECISION - 3

deposit, which K&D Builders paid to Defendant from funds that originated from Plaintiffs.  Plaintiffs and Defendant had no written contract.  Defendant later delivered $9,000 worth of materials to the Property, which did not include any tile.  Following that delivery, he demanded an additional $11,000 claiming he had delivered all materials and was not responsible for providing tile.

Defendant eventually provided Amoruso with a certificate of workers' compensation insurance for "Bennett Mountain Tile."  Since he was unfamiliar with this company, Amoruso began a deeper inquiry into Defendant and learned that Defendant was not a licensed contractor.  Plaintiffs did not have any agreement with Bennett Mountain Tile & Flooring LLC, and Defendant did not hold himself out as Bennett Mountain Tile & Flooring LLC in his dealings with Plaintiffs.

Once Plaintiffs learned Defendant was not a licensed contractor, they terminated their agreement with Defendant.  Plaintiffs offered to pay for the materials Defendant had already purchased, but they demanded he return the balance of the $22,000 deposit.  Defendant, however, removed the construction materials he previously delivered to the Property and refused to return any of the deposit.  Defendant later used at least part of the materials purchased with Plaintiffs' deposit on jobs for other clients.

### 2.    State Court Litigation

Plaintiffs subsequently filed a lawsuit against Defendant in the District Court of the Fourth Judicial District of the State of Idaho (the "State Court"), in Elmore County.  Plaintiffs alleged three claims against Defendant:  (1) breach of contract; (2) unjust enrichment; and (3) violation of the Idaho Consumer Protection Act (the "ICPA").  The

MEMORANDUM OF DECISION - 4

State Court conducted a trial where both parties were represented by counsel.  The parties submitted stipulated facts and the State Court considered the testimony of three witnesses, including plaintiff Kevin Bentley and Defendant.  On the breach of contract claim, the State Court found that Plaintiffs had terminated their contract with Defendant upon learning he was not a licensed contractor and ruled in Defendant's favor because a party cannot maintain an action for breach of a contract it has rescinded.  On the unjust enrichment claim, the State Court ruled in Plaintiffs' favor, concluding the equities of the case made it unfair for Defendant to retain Plaintiffs' deposit.  On the ICPA claim, the State Court likewise ruled in Plaintiffs' favor.  The State Court concluded that Defendant's representation that he was a registered and/or licensed contractor was misleading, false, and deceptive under the ICPA, and that Plaintiffs reasonably relied on that representation.  The State Court ultimately entered an Amended Judgment awarding Plaintiffs $22,000 in damages, plus attorney fees totaling $18,006, and costs totaling $352.74, for a total award of $40,358.74.  Plaintiff's Declaration at Ex. B.

### 3. The Bankruptcy Filing

Defendant filed a chapter 7 bankruptcy on December 19, 2025.  Plaintiffs timely filed this adversary proceeding seeking to except their claim against Defendant from discharge pursuant to § 523(a)(2)(A) and (a)(6).

**ANALYSIS**

### A. Summary Judgment Standards

Civil Rule 56(a) provides that summary judgment is appropriate when there is no genuine dispute as to any material fact, and, when viewing the evidence most favorably

MEMORANDUM OF DECISION - 5

to the non-moving party, the movant is entitled to judgment as a matter of law.

Bankruptcy Rule 7056; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001). In resolving a motion for summary judgment, the Court does not weigh the evidence but instead determines only "whether a material factual dispute remains for trial." *Covey v. Hollydale Mobilehome Ests.*, 116 F.3d 830, 834 (9th Cir. 1997). An issue of fact is "genuine" if there is sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods.*, 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)).

Where evidence is genuinely disputed on a particular issue, such as by conflicting testimony, that issue is "inappropriate for resolution on summary judgment." *Direct Techs., LLC v. Elec. Arts, Inc.*, 836 F.3d 1059, 1067 (9th Cir. 2016). In cases where intent is at issue, summary judgment is seldom granted; however, "summary judgment is appropriate if all reasonable inferences defeat the claims of one side, even when intent is at issue." *Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 165 (9th Cir. BAP 1999). Summary judgment may be defeated by evidence "such that a reasonable juror drawing all inferences in favor of the respondent could return a verdict in the respondent's favor." *Reza v. Pearce*, 806 F.3d 497, 505 (9th Cir. 2015). On the other hand, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial,' and summary judgment is appropriate." *Zetwick v. County of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)).

MEMORANDUM OF DECISION - 6

The moving party bears the initial burden of showing there is no genuine issue of material fact. *Martin v. Mowery (In re Mowery)*, 591 B.R. 1, 5 (Bankr. D. Idaho 2018) (citing *Esposito v. Noyes (In re Lake Country Invs.)*, 255 B.R. 588, 597 (Bankr. D. Idaho 2000)). Once the movant has come forward with uncontroverted facts entitling it to relief, the burden shifts to the nonmovant to establish there is a specific and genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 322 n.3. The nonmovant "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery materials, to show that the dispute exists." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008) (citation omitted).

Plaintiffs argue they are entitled to summary judgment on both of their claims asserted under § 523(a)(2)(A) and § 523(a)(6) because of the preclusive effect of the State Court judgment.

### B.     Issue Preclusion

The doctrine of issue preclusion, also known as collateral estoppel, prevents a party from relitigating an issue that was actually litigated and that the party lost in a prior proceeding. *Resol. Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999). Issue preclusion applies in § 523(a) dischargeability proceedings. *Khaligh v. Hadaegh (In re Khaligh)*, 338 B.R. 817, 824 (9th Cir. BAP 2006) (citing *Grogan v. Garner*, 498 U.S. 279, 284–85 n.11 (1991)). "If an element of a claim under § 523(a) was decided in prior litigation, the debtor will be precluded from contesting that element in the § 523 action." *Mann Mortg., LLC v. Howell (In re Howell)*, 2026 WL 852297, at *4 (9th Cir. BAP Mar. 27, 2026).

MEMORANDUM OF DECISION - 7

Bankruptcy courts apply the preclusion law of the jurisdiction where the judgment was entered. *Herrera v. Scott (In re Scott)*, 588 B.R. 122, 131 (Bankr. D. Idaho 2018). "If a state court would give preclusive effect to a judgment rendered by courts of that state, then the Full Faith and Credit Statute (28 U.S.C. § 1738) imports the same consequence to an action in federal court based on the same award." *Khaligh*, 338 B.R. at 824. Here, Plaintiffs obtained a judgment against Defendant in Idaho state court. The elements required for issue preclusion under Idaho law are:

(1)   the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case;

(2)   the issue decided in the prior litigation was identical to the issue presented in the present action;

(3)   the issue sought to be precluded was actually decided in the prior litigation;

(4)   there was a final judgment on the merits in the prior litigation; and

(5)   the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Bach v. Bagley*, 229 P.3d 1146, 1157 (Idaho 2010).

The party asserting preclusion bears the burden of establishing its threshold requirements. *Plyam v. Precision Dev., LLC (In re Plyam)*, 530 B.R. 456, 462 (9th Cir. BAP 2015). "Any reasonable doubts as to what was decided by a prior judgment should be resolved against a finding of issue preclusion." *Scott*, 588 B.R. at 131.

The State Court held a trial between Plaintiffs and Defendant where both parties were represented by counsel, which satisfies the first and fifth elements of issue preclusion. After the conclusion of trial, the State Court entered an Amended Judgment in favor of Plaintiffs, which satisfies the fourth element of issue preclusion. The claims

MEMORANDUM OF DECISION - 8

of unjust enrichment and violation of the ICPA were actually decided in the State Court litigation, satisfying the third element of issue preclusion. The second element of issue preclusion, however, requires more attention. This Court must determine whether the issues that were actually decided by the State Court were identical to the issues presented in this case.

### C. Comparing State Court Findings to Nondischargeability Elements

Plaintiffs argue that the State Court's specific factual findings independently satisfy the elements of § 523(a)(2)(A) and § 523(a)(6). The Court disagrees. Although the State Court made factual findings regarding Defendant's conduct and Plaintiffs' reliance, the claims litigated in State Court did not require the State Court to make any findings concerning Defendant's intent. That omission is dispositive.

### 1. Section 523(a)(2)(A)

Section 523(a)(2)(A) excepts from the discharge otherwise afforded to a debtor any debt obtained by "false pretenses, a false representation, or actual fraud." The elements of a claim under § 523(a)(2)(A) are:

(1)     the debtor made representations;
(2)     that at the time he knew they were false;
(3)     that he made them with the intention and purpose of deceiving the creditor;
(4)     that the creditor relied on such representations; and
(5)     that the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010). The creditor bears the burden of establishing each of these elements by a preponderance of the

MEMORANDUM OF DECISION - 9

evidence.  *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

### 2. Section 523(a)(6)

Section 523(a)(6) excepts from discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity."  *B.K.L.N. v. Finlay (In re Finlay)*, 2019 WL 3294804, at *3 (Bankr. D. Idaho July 22, 2019).  The determination of a "willful and malicious" injury requires a two-step analysis.  *Khaligh*, 338 B.R. at 831.  The first step of the § 523(a)(6) inquiry is whether there was a "willful" injury, and the second step is to determine whether the conduct was "malicious."  *Id.*

"To satisfy the willfulness prong, the creditor must prove the debtor deliberately or intentionally injured the creditor."  *Krystal v. Haynie (In re Haynie)*, 621 B.R. 456, 470 (Bankr. D. Idaho 2020) (citation omitted).  Nondischargeability requires a deliberate or intentional injury and "not merely a deliberate or intentional act that leads to injury."  *Id.* (emphasis removed).  The debtor must either have a "subjective motive to inflict injury" or a belief that "injury is substantially certain to result from his conduct."  *Id.*  To satisfy the maliciousness prong, the creditor "must prove (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) which is done without just cause or excuse."  *Finlay*, 2019 WL 3294804, at *5 (citing *Ormsby v. First Am. Title Co. of Nevada (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010)).

### 3. Unjust Enrichment

The State Court's factual findings on unjust enrichment are not identical to the elements required for nondischargeability.  To establish unjust enrichment under Idaho

MEMORANDUM OF DECISION - 10

law, a plaintiff must prove: "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Turcott v. Est. of Bates*, 443 P.3d 197, 204 (Idaho 2019).

Unlike a § 523(a)(2)(A) claim, unjust enrichment requires neither a finding that the defendant made false representations upon which the plaintiff relied, nor a finding that the defendant acted with any particular intent. *Gilbert v. Progressive Nw. Ins. Co.*, 577 P.3d 519, 533 (Idaho 2025) ("Unjust enrichment arises from a contract implied-in-law, not from the intent of the parties, but as a remedy imposed to achieve equity."). In contrast, a claim under § 523(a)(2)(A) requires a finding that the defendant made a knowingly false representation with the intent to deceive the creditor, *In re Laraway*, 2010 WL 3703272, at *7 (Bankr. D. Idaho Sept. 13, 2010), and the creditor justifiably relied on that representation. *Fetty v. DL Carlson Enters., Inc. (In re Carlson)*, 426 B.R. 840, 855 (Bankr. D. Idaho 2010). Because those elements are not required to establish unjust enrichment, the State Court's findings on that claim cannot support issue preclusion as to the § 523(a)(2)(A) claim.

Similarly, § 523(a)(6) requires proof that the defendant acted both willfully, by deliberately or intentionally causing injury, and maliciously, by intentionally committing a wrongful act without just cause or excuse. Unjust enrichment under Idaho law requires no such findings. Accordingly, the State Court's findings on that claim cannot support issue preclusion as to the § 523(a)(6) claim.

MEMORANDUM OF DECISION - 11

### 4.    ICPA

The State Court's factual findings concerning the ICPA are not identical to the elements required for nondischargeability.

The State Court found that Defendant violated Idaho Code § 48-603, which provides in relevant part:

> The following unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful, where a person knows, or in the exercise of due care should know, that he has in the past, or is:
>
> . . .
>
> (17)   Engaging in any act or practice that is otherwise misleading, false, or deceptive to the consumer;
>
> (18)   Engaging in any unconscionable method, act or practice in the conduct of trade or commerce, as provided in section 48-603C . . .

Idaho Code § 48-603.  In turn, Idaho Code § 48-603C provides in relevant part:

> (1)   Any unconscionable method, act or practice in the conduct of any trade or commerce violates the provisions of this chapter whether it occurs before, during, or after the conduct of the trade or commerce.
>
> (2)   In determining whether a method, act or practice is unconscionable, the following circumstances shall be taken into consideration by the court:
>
> > (a) Whether the alleged violator knowingly or with reason to know, took advantage of a consumer reasonably unable to protect his interest because of physical infirmity,

MEMORANDUM OF DECISION - 12

> ignorance, illiteracy, inability to understand the language of the agreement or similar factor;
>
> . . .
>
> (d) Whether the sales conduct or pattern of sales conduct would outrage or offend the public conscience, as determined by the court.

Idaho Code § 48-603C.

"The ICPA is remedial legislation intended to deter unfair and deceptive trade practices and is to be construed liberally." *Idaho v. Edwards (In re Edwards)*, 233 B.R. 461, 470 (Bankr. D. Idaho 1999) (citing *W. Acceptance Corp. v. Jones (In re W. Acceptance Corp)*, 788 P.2d 214, 216 (Idaho 1990)).  Idaho Code § 48-608(1) then requires three elements to establish a claim under the ICPA:  "(1) the consumer purchased goods or services from a seller; (2) the seller engaged in unfair or deceptive act(s) or practice(s) that are declared unlawful under the ICPA; and (3) the unfair act(s) or practice(s) caused the consumer to suffer an ascertainable loss of money or property (real or personal)." *Pickering v. Sanchez*, 544 P.3d 135, 142 (Idaho 2024) (internal quotations omitted).  The ICPA prohibits any act or practice that misleads, deceives, or makes false representations to consumers.  *Id.*  Proof of intention to deceive is not required to find that an act is unfair or deceptive.  *Id.* at 143 (citing *Duspiva v. Fillmore*, 293 P.3d 651, 656 (Idaho 2013).  "The ICPA requires that the offending party must be a person who 'knows, or in the exercise of due care should know, that he has in the past, or is' committing an act or practice declared unlawful by Idaho Code section 48-603." *Id.* at 142 (quoting Idaho Code § 48-603).

MEMORANDUM OF DECISION - 13

The State Court found that Defendant's representation to Plaintiffs that he was a registered or licensed contractor was a false or misleading act prohibited by the ICPA, which caused Plaintiffs damages. The State Court did not determine whether Defendant made those statements with the intent to deceive Plaintiffs, and it was not required to do so under the ICPA. In other words, the State Court was able to conclude Defendant violated the ICPA without deciding whether he had actually intended to deceive Plaintiffs.

In contrast to the ICPA, both claims under § 523(a)(2)(A) and (a)(6) require a finding of intent. To prevail on a § 523(a)(2)(A) claim, the debtor must have had, among other things, the intent to deceive the creditor when making a knowingly false representation. *Laraway*, 2010 WL 3703272, at \*7 (stating "[n]ot only must there be a representation of material fact which is false, the representation must be made with the intention and purpose to deceive."). Section 523(a)(6)'s willfulness element requires that, for a debt to be excepted from discharge, the infliction of an injury must have been deliberate or intentional. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). This is a subjective standard focusing on the debtor's state of mind. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142–43 (9th Cir. 2002). The State Court was not required to make factual findings as to Defendant's intent when determining Defendant violated the ICPA. Therefore, the elements of issue preclusion have not been satisfied by the findings made by the State Court regarding a violation of the ICPA.

MEMORANDUM OF DECISION - 14

### 5.    Conversion

Plaintiffs also argue that Defendant willfully and maliciously converted their property by removing materials purchased with their funds from the jobsite and refusing to return any portion of the deposit.  The State Court did find that Defendant removed those materials and refused to return Plaintiffs' deposit, and that he later used at least part of those same materials on jobs for other clients.  However, the State Court did not consider the legal claim of conversion at trial, as it addressed only the claims of breach of contract, unjust enrichment, and violation of the ICPA.  Because conversion was not decided in the State Court litigation, issue preclusion is unavailable to Plaintiffs on that theory in this case.

**CONCLUSION**

The State Court awarded judgment to Plaintiffs based on claims of unjust enrichment and violation of the ICPA.  The elements required to establish either of those claims under Idaho law are not fully equivalent to the elements required for nondischargeability under § 523(a)(2) or (a)(6).  Consequently, the State Court's factual findings do not satisfy Plaintiffs' full burden in this proceeding, as they address only certain aspects of Defendant's conduct and leave the essential element of intent unresolved.  As such, the Court will deny Plaintiffs' Motion and enter a separate order.

DATED: July 28, 2026



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 15